### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANIEL HALE, ERIN HALE,
VICTORIA HALE, ALEXANDRIA
HALE, and JOHN DOES 1-5,

      Plaintiffs,

v.                              Case No. 3:23-CV-3531-NJR

ST. CLAIR COUNTY SHERIFF
DEPARTMENT,

      Defendant.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motions for Leave to Proceed *in forma pauperis* ("IFP") filed by Plaintiffs Daniel Hale, Erin Hale, Victoria Hale, Alexandria Hale, and John Does 1-5 ("Plaintiffs"). (Docs. 5, 10). Plaintiffs filed a *pro se* complaint against Defendant, St. Clair County Sheriff's Department, alleging Defendant violated Daniel Hale's civil rights when it performed a forced eviction while Hale was an active duty servicemember. (Doc. 3 at p. 5). Plaintiffs now move to proceed without prepayment of the required filing fees. (*Id.*).

Under 28 U.S.C. § 1915(a)(1), an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed *in forma pauperis*; an affidavit

demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). Here, the Court is satisfied from Plaintiffs' affidavits that, despite having an income and possessing some assets, they are significantly indebted and are therefore indigent.

But that does not end the inquiry. Under Section 1915(e)(2), the Court must then screen the indigent plaintiffs' complaint and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion to proceed IFP requires the undersigned to review the allegations of the complaint.

In reviewing the complaint, the undersigned is aware that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir.

2010). "[I]nstead that the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

The Court has gathered the following facts from the Complaint and accompanying "Memorandum of Law." (Docs. 3, 4). On January 1, 2019, Plaintiffs Daniel and Erin Hale entered into a residential lease agreement with Strano & Associates, Ltd., a property management company, for a home in St. Clair County, Illinois. (Doc. 4 at p. 11). The lease was for a period of two years at the rate of $1,850 per month. (*Id.*). Daniel, an active servicemember, and Erin, who is disabled, moved into the home along with their seven children. (*Id.*).

On February 25, 2019, Strano & Associates filed a complaint for eviction seeking immediate return of possession of the home due to several lease violations, the most egregious of which involved the unclean and unsanitary condition of the home. (*Id.* at p. 15). On May 23, 2019, the Circuit Court of St. Clair County found that Plaintiffs breached the lease and ordered Plaintiffs to remove their personal property from the home by June 15, 2019. (*Id.*). Plaintiffs also were ordered to pay rent that had accrued through the date of surrender, attorney fees, and court costs. (*Id.* at p. 16). Judgment was entered against Plaintiffs and in favor of Strano & Associates. (*Id.*).

Despite the court's judgment, Plaintiffs did not vacate the property. On July 22, 2019, Defendant St. Clair County Sheriff's Department forcefully removed Plaintiffs from the home and allowed the property management company to remove all of Plaintiffs' personal property. (Doc. 3 at p. 5). The property management company seized two of the Plaintiffs' automobiles, one motorcycle, one boat, one ATV, and one garden tractor. (*Id.*).

The two automobiles and one motorcycle were returned with missing parts, but the boat, ATV, and garden tractor were destroyed. (*Id.*).

Plaintiffs claim that the eviction violated Daniel Hale's civil rights under the Servicemembers Civil Relief Act, 50 U.S.C. § 3951, when it performed the eviction without the required Illinois Supreme Court Eviction Order Form signed by a judge. (Doc. 3 at p. 5). Plaintiffs further claim that Defendant had no authority to enter the leased property and forcefully evict them, nor was Defendant authorized to allow the property management company to seize and destroy their personal property, when the judgment stated that Plaintiffs were to remove the property themselves. (*Id.*). Finally, Plaintiffs allege the eviction was performed while there was an automatic stay of enforcement of the state court judgment. (*Id.*).

### Servicemembers Civil Relief Act (SCRA)

The court first addresses Plaintiffs' claim that Defendant violated the SCRA when it evicted them from their leased home without the required Illinois Supreme Court Eviction Order Form signed by a judge.

Section 3951(a) of the Servicemembers Civil Relief Act ("SCRA") addresses "evictions and distress" and states as follows:

(a) Court-ordered eviction

(1) In general—**Except by court order**, a landlord (or another person with paramount title) may not—
> (A) evict a servicemember, or the dependents of a servicemember, during a period of military service of the servicemember, from premises—
>> (i) that are occupied or intended to be occupied primarily as a residence; and

(ii) for which the monthly rent does not exceed $2,400, as adjusted under paragraph (2) for years after 2003; or
(B) subject such premises to a distress during the period of military service.

50 U.S.C. § 3951(a) (emphasis added).

Plaintiffs allege that Defendant violated the SCRA because the SCRA requires a sheriff's department and landlord to obtain the appropriate state eviction order form, signed by a judge, in order to legally evict an active duty servicemember. The only requirement in § 3951(a), however, is that the landlord or other authority have a "court order." The required court order was entered in this case on May 23, 2019, when the Circuit Court of St. Clair County entered judgment in favor of Strano & Associates on its Complaint for Eviction and ordered Daniel and Erin Hale to surrender possession of the property on or before June 15, 2019. (Doc. 4 at pp. 11-16). While Defendant's failure to obtain an Illinois Supreme Court Eviction Order Form signed by a judge may be a violation of state law, it is not a violation of Daniel Hale's civil rights under the SCRA. Thus, the Court finds that Plaintiffs have failed to state a claim under the SCRA.

## State Law Claims

The remainder of Plaintiffs' allegations appear to invoke state law claims under the Illinois Eviction Act, 735 ILCS 9-101, *et seq.*, or to present claims for trespassing or property damage under Illinois law. While the Court could exercise supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367, "the Seventh Circuit has adopted 'the sensible presumption that if the federal claims drop out before trial, the district court should relinquish jurisdiction over the state-law claims.'" *Doe v. Sch. Dist.*

*214*, 532 F. Supp. 3d 665, 684 (N.D. Ill. 2021) (quoting *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007)). Because the Court has found that Plaintiffs have failed to state a claim for relief under the SCRA, it declines to exercise jurisdiction over any potential state law claims.[1]

### Conclusion

Because Plaintiffs' Complaint (Doc. 1) fails to state a claim, it is **DISMISSED without prejudice**. The Court **RESERVES RULING** on Plaintiffs' Motions for Leave to Proceed *in forma pauperis* (Docs. 5, 10) and Motion for Service of Process at Government Expense (Doc. 6).

Plaintiffs are **GRANTED** leave to file an Amended Complaint that states a claim for relief on or before **January 2, 2024**. The failure to timely file an amended complaint will result in the dismissal of this case with prejudice.

**IT IS SO ORDERED.**

**DATED:  December 4, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[1] The Court further notes that it does not have diversity jurisdiction under 28 U.S.C. § 1332 over Plaintiffs' state law claims because Plaintiffs and Defendant are Illinois citizens.